OPINION
{¶ 1} Defendant-appellant Daniel Ralich ("husband") appeals the June 20, 2006 Final Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which granted husband and plaintiff-appellee Susan Ralich ("wife") a divorce, and designated wife the residential parent of the parties' minor children.
 STATEMENT OF FACTS AND CASE {¶ 2} The parties were married on September 22, 1991. Two children were born as issue, to wit: Nicholas (DOB 4/8/94) and Alexander (DOB 7/10/97). Wife filed a Complaint for Divorce on August 3, 2005. Therein, wife requested the trial court issue a restraining order premised upon husband's alleged domestic violence against wife. The trial court issued a Judgment Entry-Restraining Order on August 3, 2005, which restrained and enjoined husband from harassing, annoying, interfering with, harassing by telephone, assaulting or doing bodily harm to wife. The trial court appointed a guardian ad litem for the children.
 {¶ 3} The magistrate issued temporary orders, designating wife as the residential parent, providing husband with modified Schedule A visitation, and ordering husband to pay child support in the amount of $971.84/month. The magistrate also instructed the parties to attend a parenting seminar and complete a minimum of three sessions of mediation. On January 6, 2006, the guardian ad litem filed his report, in which he recommended mother be designated the residential parent. The matter proceeded to trial on May 31, 2006. Prior to trial, the parties resolved all of the financial issues. The parties' agreement was read into the record. The only remaining disputed issue was custody of the children. *Page 3 
 {¶ 4} At trial, wife testified she worked for United Airways as a flight attendant when the couple was married in 1991. Wife continued to work for the airline following the birth of the children, until shortly after September 11, 2001. Wife explained she and husband separated in February, 2004, after husband struck her during a verbal altercation. On the advice of counsel, wife filed a civil domestic violence action and complaint for divorce in Summit County. Those actions were subsequently dismissed, and wife re-filed the civil domestic violence action and complaint for divorce in Stark County. Wife continued to work outside the home after she left U.S. Airways. At the time of trial, she was working as an ad representative, selling advertising space for a community newspaper. Wife earned $300/week plus commission.
 {¶ 5} Wife explained her work schedule is very flexible, which enables her to be with the children before school in the morning and after school when they return home. Wife detailed her involvement with the church and the children's schools. For two years she was an assistant den leader for Alex's Cub Scout group. Both children are involved in a number of extracurricular activities, including baseball and basketball, music, chess club and Kumon, an academic program. She transports the children to all of their practices and attends all of their games. Wife commented husband had attended only one or two of each of the boys' games and one or two of the practices. The oldest son, Nick, is a straight A student and is enrolled in a high track math class. Alex, the younger son, has some minor behavioral problems. Wife has daily communications with Alex's teacher to keep the boy accountable. Wife expressed her concerns about husband's rigidity with the boys, and her concern if he were awarded custody, his parents would actually be raising the children. *Page 4 
 {¶ 6} Husband testified he currently lives with his parents and sister in a rural area of Mahoning County, where he intends to remain if he is awarded custody. Husband grew up in the home, and stated it is large enough to accommodate them. He noted the area is conducive to outdoor activities, including hunting and fishing, which he enjoys. The boys would attend the South Range School District, which received an "Excellent" rating in 2005. He commented South Range rated higher than the Jackson School District, in which the boys were currently enrolled.
 {¶ 7} Husband's work day starts between 8:30 and 9:00am, and ends between 5:30 and 6:30pm. Husband works for his family's business. Husband testified he has the ability not to work if the boys should need him, and is in a position to devote whatever time was necessary. Husband noted his mother and sister were always available to help him. Husband expressed his belief wife should be at home to care for the children.
 {¶ 8} Husband has almost daily contact with Nick and Alex. Husband acknowledged wife had not interfered with such. When asked why he believed the boys should be with him rather than wife, husband replied his standards as a father were much more in line with what reality is and he is able to prepare them for what is out there. Tr. at 159. Husband added he would show them how to do all the things they would need to know how to do. Husband testified, prior to the parties' separation, he attended to every aspect of the boys' daily life, including cooking, cleaning the house, purchasing necessities, and assisting with homework. Husband added church and family were the two most important things in his life as he was growing up, and he wants *Page 5 
to instill the same in his children. Husband denied being controlling, but stated he has certain standards he adheres to and expects the boys to do the same.
 {¶ 9} Via Final Entry filed June 20, 2006, the trial court granted the parties a divorce, and designated wife as the residential parent and legal custodian of Nicholas and Alex. The trial court found both husband and wife are appropriate and fit parents. The trial court also found the children share significant bonds with each parent and should spend as much time with each parent as possible. The trial court noted the parties' excellent ability to facilitate parenting time with one another over and above the court orders.
 {¶ 10} It is from this final entry husband appeals raising the following assignments of error:
 {¶ 11} "THE TRIAL COURT'S FINDING OF FACT REGARDING MOTHER'S EXCELLENT ABILITY TO FACILITATE COMPANIONSHIP AND THE PREFERENCES OF THE CHILDREN ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 12} "II. THE TRIAL COURT ABUSED HIS DISCRETION DESIGNATING MOTHER THE RESIDENTIAL PARENT."
 I, II {¶ 13} Husband's first and second assignments of error raise common and interrelated issues; therefore, we shall address the assignments together. In his first assignment of error, husband challenges the trial court's findings in support of its best interest determination as against the manifest weight of the evidence. In his second assignment of error, husband asserts the trial court's designation of wife as the residential parent in light of these findings was an abuse of discretion. *Page 6 
 {¶ 14} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 15} Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such decision must not be reversed absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418 (Citation omitted). In Bechtol v. Bechtol (1990),49 Ohio St.3d 21, the Ohio Supreme Court held: "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Id. at syllabus. The reason for this standard of review "is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis, supra at 418. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 16} In allocating parental rights and responsibilities, the trial court must consider the best interest of the children. R.C.3109.04(F)(1) sets forth the factors a *Page 7 
trial court must consider when making such a determination. The statues reads, in pertinent part:
 {¶ 17} "In determining the best interest of a child pursuant to this section, * * *, the court shall consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; * * * (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 18} Husband submits the evidence presented at trial contradicts the trial court's determination the best interest of the children would be served by designating wife as the residential parent. Husband contends the trial court's findings regarding the children's preference and wife's ability to facilitate visitation were against the manifest weight of the evidence, and the trial court's reliance on such in its decision was an abuse of discretion. *Page 8 
 {¶ 19} In its final entry, the trial court noted it had interviewed the children in chambers regarding their wishes and concerns, and found both boys desired to have as much contact with husband and wife as possible. In addition, the trial court found the children interact and interrelate appropriately with both parents and each other. During the hearing, wife acknowledged Alex, the youngest boy, expressed a preference to live with husband. Husband states this testimony weighs against a designation of wife as the residential parent. We disagree. R.C. 3109.04(F)(1)(b) requires the trial court to consider the wishes of the child as "expressed to the court" during an in-chambers interview. The trial court did just so. The children may have expressed their preferences to the parties, but such is not what the trial court is mandated to consider.
 {¶ 20} Additionally, the trial court found both parties had shown an excellent ability to facilitate visitation. Husband refers to wife's filing of a civil protection order against him, which precluded him from visiting the children, as evidence such finding was against the weight of the evidence. Wife filed an action seeking a civil protection order in Summit County, which was dismissed prior to the filing of the instant action. At the commencement of this action, the trial court issued a restraining order on August 3, 2005, which was vacated prior to the magistrate's issuing temporary orders. In his report, the guardian ad litem commended the parties' cooperation in facilitating visitation and insuring the boys maintained relationships with the other parent.
 {¶ 21} R.C. 3109.04(F)(1)(f) mandates the trial court consider a parent's failure to facilitate "court-approved parenting time". There is nothing in the record before this Court to establish wife interfered with husband's court approved parenting time. Although the prior history of court proceedings may have suggested problems in *Page 9 
facilitating parenting time in the past, the record supports the trial court's finding the parties have shown an excellent ability to facilitate parenting time during the pendency of this action. See Finding of Fact F, at page 5 of Final Entry.
 {¶ 22} Accordingly, we do not find the trial court's findings with regard to the children's preferences and wife's ability to facilitate visitation to be against the manifest weight of the evidence. We further find the trial court did not abuse its discretion in designating wife as the residential parent.
 {¶ 23} Husband's first and second assignments of error are overruled.
 {¶ 24} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed.
Hoffman, P.J. Wise, J. and Delaney, J. concur
HON. WILLIAM B. HOFFMAN HON. JOHN W. WISE
 HON. PATRICIA A. DELANEY *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Division is affirmed. Costs assessed to Appellant.
HON. WILLIAM B. HOFFMAN
HON. JOHN W. WISE
 HON. PATRICIA A. DELANEY *Page 1